UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joe Hand Promotions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Julia C. Beltran, Clamatos and Cocos on Broadway, <br><br> Defendants. | Case No.: 3:18-cv-1814-AJB-NLS <br><br> **ORDER GRANTING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT** <br><br> **(Doc. No. 11)** |

Before the Court is Plaintiff Joe Hand Promotions, Inc's motion for default judgment against Defendants Julia Beltran and Clamatos and Cocos on Broadway. (Doc. No. 11.) For the reasons set forth herein, Plaintiff's motion for default judgment is **GRANTED**.

## I. BACKGROUND

Plaintiff brings this copyright infringement suit against Defendants for broadcasting a boxing match that Plaintiff had exclusive distribution rights over. (Doc. No. 1 ¶¶ 1, 6, 13.) Defendants advertised the match and received financial benefits by airing the boxing match. (*Id.* ¶¶ 13–15.) Yet, Defendants failed to gain proper authorization to air the match at their business, and instead gained access to the match by purchasing the heavily discounted subscription made for personal, at-home use—then aired that for customers. (*Id.* ¶¶ 21–26.) Plaintiff served both Defendants in October 2018, but Defendants failed to answer. (Docs. No. 5–7.) An entry of default was entered against Defendants in January

2019, and this motion followed. (Docs. No. 9–11.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors, commonly referred to as the *Eitel* factors: (1) "the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citation omitted).

Generally, once the court clerk enters default, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992), *superseded by statute on other grounds*, Pub. L. No. 100-702, 102 Stat. 4669.

## III. DISCUSSION

Plaintiff brings claims under (1) 47 U.S.C. § 605 for unauthorized publication of use of communications; (2) 47 U.S.C. § 533 for unauthorized reception of cable services; and (3) 17 U.S.C. § 501(a) for Copyright Infringement.

### 1. Possibility of Prejudice to the Plaintiff

There is a possibility of prejudice to a plaintiff when denying default judgment

would leave them without an alternate recourse for recovery. *See PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Plaintiff would have no other recourse against Defendants if they cannot pursue these claims in Court. (Doc. No. 11-2 at 8.) Further, Plaintiff could face future prejudice if other offenders feel emboldened by Plaintiff's lack of enforcement on its copyrights. Thus, this factor favors granting default judgement.

### 2. Substantive Merits and Sufficiency of Claim

Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175.

Title 47 U.S.C. §§ 553 and 605 prohibit the unauthorized receipt of satellite signals. 47 U.S.C. §§ 553(a), 605(a). To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

The Court finds the allegations in Plaintiff's complaint state a claim for violations of 47 U.S.C. § 553, § 605, and 17 U.S.C. § 501(a). Plaintiff's complaint alleges Plaintiff owned the rights to the boxing match and that Defendants intercepted, received, and exhibited the match. (Doc. No. 1 ¶¶ 25, 27, 34, 36, 43.) Plaintiff also alleges it owned the copyright for the broadcast, (*id.* ¶¶ 40–41), and that Defendants never obtained authority to broadcast the match and thus infringed on Plaintiff's rights, (*id.* ¶¶ 42–45). Because the Court presumes these statements to be true, *TeleVideo Sys.*, 826 F.2d at 917–18, Plaintiff has sufficiently alleged meritorious claims against defendants. Thus, these factors weigh in favor of granting a default.

### 3. Sum of Money at Stake

Here, Plaintiff first seeks a statutory penalty up to $110,000 under the first claim for a willful violation of 47 U.S.C. § 605(a), or a statutory penalty under the second claim of

up to $60,000 for a violation of 47 U.S.C. § 553. (Doc. No. 1 at 15.) (*Id.*) Second, Plaintiff requests statutory penalties under the third claim of up to $150,000 for violations of 17 U.S.C. § 501(a). Finally, Plaintiff seeks an award of attorney's fees and costs under as allowed by 47 U.S.C. § 605(e), § 553(c)(2)(C), or 17 U.S.C. § 505. (*Id.*)

"[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions. *See Totten v. Hurrell*, No. 00–2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001) (stating that "the 'sum of money at stake' factor [under *Eitel*] is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake," and finding an award of $19,977.74 not a "large money judgment" in today's world). The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable. *See Walters v. Shaw/Guehnemann Corp.*, No. C 03-04058 WHA, 2004 U.S. Dist. LEXIS 11992, at *7 (N.D. Cal. Apr. 15, 2004) (finding plaintiff's calculations of damages and attorney fees reasonable, based on plaintiff's sworn declarations and pay stubs and other documentation submitted by plaintiffs).

### a. *Award under 47 U.S.C. § 605 for Unauthorized Publication of Use of Communications*

The Court will only analyze damages only under § 605, rather than § 553, as the Court finds liability under both but recovery is only permitted under one. *Joe Hand Promotions, Inc. v. Streshly*, 655 F. Supp. 2d 1136 (S.D. Cal. 2009). Plaintiff elects § 605. (Doc. No. 11-2 at 18.)

Under 47 U.S.C. § 605(a), the Court may award a private party damages as set forth in § 605(e)(3)(C) as well as costs and attorney's fees. § 605(e)(3)(B)(ii), (iii). Subsection C allows for either (1) the recovery of actual damages and any profits made; or (2) statutory damages between $1,000 and $10,000. *Id.* at (C)(i)(I), (II). If the Court finds the violation was willful and for direct or indirect commercial advantage or private financial gain, the

Court may increase the award up to $100,000. *Id.* at (C)(ii).

The guidelines for measuring statutory damages are not clearly delineated. The Ninth Circuit has mentioned consideration of the nature of the copyright and the circumstances of the infringement. *Peer Intern. Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). In addition, whether the act involves a single act of piracy and whether the Defendant is a repeat offender could be significant. Here, Plaintiff requests the maximum statutory fee, $10,000, as well as an additional $25,000 for willful violation.

Plaintiff argues to obtain rights to the broadcast, it would have cost Defendants $5,200. (Doc. No. 11-2 at 26.) To prove this, Plaintiff points to "Attorney's Affidavit Exhibit 'A'." (*Id.*) However, the Court cannot locate such an exhibit with supporting information. For example, in a similar case with District Judge Bashant in which she granted Plaintiff's default motion, the Court had the benefit of the attorney's affidavit, which included an exhibit showing the rates it charged to broadcast the match. *Joe Hand Promotions, Inc. v. Garcia Pacheco*, Case No. 18-cv-1973-BAS-BGS, Doc. No. 12-2 at 9 (S.D. Cal. Feb. 19, 2019). However, here, the exhibit and affidavit Plaintiff refers to was omitted—leaving Plaintiff's claims in this case unsupported. Plaintiff also omits any information about Defendants' establishment, whether they charged a cover fee, their maximum occupancy, how many people watched the broadcast, whether Defendants charged a premium for food or drinks, or whether Defendants were repeat offenders.

Without any information surrounding the details of the violations in this case, or whether Defendants profited from their violations, the Court awards $1,500. This amount reflects the statutory minimum, plus $500 to act as an deterrence from future violations. As Defendants admitted to the willful violation by failing to answer, the Court finds it appropriate to enhance the award. However again, without any information regarding the depth of Plaintiff's injury, the Court awards enhanced damages in the amount of $500. Thus, the total award is $2,000.

### b. Award under 17 U.S.C. § 501(a) for Copyright Infringement

Similarly, under 17 U.S.C. § 502(a)(1), the Court may award statutory damages in

amount between $750 and $30,000 "as the court considers just." And, if the Court finds the violation was done willfully, the Court may award an additional amount not to exceed $150,000. Assessing all the factors as discussed above, the Court awards an additional $750 in statutory damages for copyright infringement and declines, in its discretion, to award any enhanced damages under this section.

### c. Award of Attorney's Fees and Costs

Plaintiff requests $1,600 in costs and $332.50 in fees. (Doc. No. 11-1 at 6–7.) For costs, Plaintiff includes the $400 filing fee, a $450 service of process fee, and a $750 auditing fee. (*Id.*) However, although Plaintiff states process service and auditing invoices are attached as exhibits, (*id.*), they are not included in Plaintiff's motion. Nevertheless, Plaintiff's counsel, in his declaration, stated he paid a $450 service of process fee. (*Id.*) Thus, the Court will award the fee.

Regarding Plaintiff's request for auditing fees, although Plaintiff does not include the invoice for this service, Plaintiff explains they hired auditors to investigate establishments during the night of the boxing broadcast to determine if any were displaying the match without authorization. (Doc. No. 11-2 at 5–6.) For this, they submit a $750 fee. (Doc. No. 11-1 at 6–7.) However, these types of pre-filing investigative costs are not typically awarded by courts in this circuit. *G & G Closed Circuit Events, LLC v. Aguilar*, No. 18cv465-JM-BGS, 2018 WL 6445883, at *3 (S.D. Cal. Dec. 10, 2018). Thus, the Court declines granting this fee.

As to attorney's fees, Plaintiff requests $332.50. (Doc. No. 11-1 at 6–7.) "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986). Generally, the relevant community for determining the prevailing market rate is the forum in which the district court sits. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Here, the Court finds counsel's rate of $175.00 per hour reasonable for the district. Moreover, the Court finds 1.80 hours for $332.50 a reasonable

amount based on work done thus far in the case. Thus, the Court awards full attorney's fees.

### 4. Possibility of Dispute Concerning Material Facts

The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 117. Here, as analyzed above, Plaintiff alleged sufficient facts to support its claims. Defendants failed to rebut them. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against Defendants.

### 5. Excusable Neglect

There is no indication of excusable neglect. After being served with the complaint, Defendants simply failed to respond. Consequently, this factor weighs in favor of the entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendant takes no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendants have failed to respond, the general preference for resolution on the merits is not equally applicable. *See, e.g.*, *id*. In sum, the relevant considerations weigh in favor of entry of default judgment against Defendants.

## IV. CONCLUSION

For the reasons set forth above, the Motion for Default Judgment is **GRANTED**. (Doc. No. 11.) The Court **ORDERS** the Court Clerk to enter judgment in favor of Plaintiff and against both Defendants jointly and severally in the total amount of $3,932.50, which includes:

(1) $2,000.00 for violations under 47 U.S.C. § 605, including $1,500 in statutory damages and $500 in enhanced damages;

(2) $750.00 for violations under 17 U.S.C. § 501(a);

(3) $850.00 in costs; and,

(4) $332.50 in attorney's fees,

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 31, 2019

Hon. Anthony J. Battaglia
United States District Judge